

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Hon. James F. Houlihan
County Auditor
Orange County
Orange, Texas

Opinion No. V-283

Re: Authority of Commis-
sioners' Courts to
participate in the ad-
ministrative affairs
of Levee Improvement
Districts.

Dear Sir:

We refer to your letter of May 26, 1947, in which you submit the following:

"This request is made solely for the purpose of asking your opinion as to wheth- er or not the Supervisors legally appointed by the Commissioners' Court of Orange Coun- ty, Texas, and duly qualified to serve, are the governing or administrative body of said district and charged with the supervision and administration of its affairs, or wheth- er the Commissioners' Court of Orange County, Texas, or any member thereof, may dictate or outline the manner that these said Supervisors shall carry on, supervise, or administer the affairs of the district, and whether said Commissioners' Court of Orange County, Texas, may compel said Supervisors of said district to do or cause to be done such construction, maintenance, or other work that in the opin- ion of the Supervisors would not be for the best interest of the district and which would be contrary to the program outlined for the district by them. Our specific questions are as follows:

"1. Does the Commissioners' Court of Orange County, Texas, have the authority to compel the Supervisors of the district to hire or discharge any employee of the dis- trict whom the Supervisors of the District have the legal right to hire or employ?

"2. Does the Commissioners' Court of
Orange County, Texas, have the authority to
order and compel the Supervisors of the dis-
trict to use the machinery, equipment, and
employees of the district, paid for, oper-
ated and compensated for, out of funds re-
ceived from the levy of taxes for district
purposes, in doing work in or upon the roads
and bridges of Orange County, Texas, which
has no connection with the purposes for
which the district was created and the taxes
levied, assessed, and collected?

"3. Does the Commissioners' Court of
Orange County, Texas, have the authority to
order and compel the Supervisors of the dis-
trict to file monthly with said Court an i-
temized and detailed report of all receipts
and disbursements of said district, said re-
port to be in addition to the monthly report
now being made to the said Commissioners'
Court by the County Treasurer of Orange Coun-
ty, Texas, acting as the Ex-officio Treas-
urer of said district, which monthly report
has been made regularly by said Treasurer
and approved each month by said Commission-
ers' Court?

"4. Does the Commissioners' Court of
Orange County, Texas, have the authority to
remove from office any or all of the Super-
visors of said district for refusal to com-
ply with the demands or orders of said Com-
missioners' Court or any member thereof to
do or cause to be done any of the things
outlined in our questions outlined herein
and numbered 1 through 4?"

Establishment of Levee Improvement (Conserva-
tion and Reclamation) Districts is authorized in Section
59 of Article XVI of the Constitution of Texas. The per-
tinent parts of that section are its sub-divisions (a)
and (b), which specify the purposes for which such dis-
tricts may be utilized. Those sections read:

"(a) The conservation and development of
all of the natural resources of this State in-
cluding the control, storing, preservation and

distribution of its storm and flood waters,
the waters of its rivers and streams,for ir-
rigation, power and all other useful purposes,
the reclamation and irrigation of its arid,
semi-arid and other lands needing irrigation,
the reclamation and drainage of its over-flowed
lands, and other lands needing drainage, the
conservation and development of its forests,
water and hydro-electric power, the navigation
of its inland and coastal waters, and the pres-
ervation and conservation of all such natural
resources of the State are each and all hereby
declared public rights and duties; and the Leg-
islature shall pass all such laws as may be ap-
propriate thereto.

"(b)    There may be created within the
State of Texas,or the State may be divided in-
to, such number of conservation and reclamation
districts as may be determined to be essential
to the accomplishment of the purposes of this
amendment to the constitution, which districts
shall be governmental agencies and bodies pol-
itic and corporate with such powers of govern-
ment and with the authority to exercise such
rights, privileges and functions concerning the
subject matter of this amendment as may be con-
ferred by law."

Chapter 6 of Title 128 of Vernon's Civil Stat-
utes constitutes the enabling act which puts Section 59
of Article XVI of the Constitution in effect and dele-
gates to Commissioners' Courts the power to create such
districts.

Article 7972 in that Chapter reads:

"There may be created within this State
conservation and reclamation districts to be
known as Levee Improvement Districts, for the
purpose of constructing and maintaining levees
and other improvements on, along and contigu-
ous to rivers, creeks, and streams, for the pur-
pose of reclaiming lands from overflow from
such streams, for the purpose of the control
and distribution of the waters and streams by
straightening and otherwise improving the same,
and for the proper drainage and other improve-

ment of such lands, all as contemplated by Section 59, Article 16, of the Constitution of this State, for the conservation and development of the natural resources of this State, which said districts shall have and may exercise all the rights, powers and privileges given by this Act and in accordance with its limitations and provisions."

Regardless of whether such districts are created by direct Legislature Act or by Commissioners' Courts under delegated power in accord with the provisions of said Chapter 6 of Title 128, such districts exist as separate corporate entities, as governmental agencies, distinct and independent of the county in which they are located, subject to legislative direction within the authority given by Section 59 of Article XVI of the State Constitution.

Harris County Flood Control District vs. Mann, 135 Tex., 239, 140 S.W. (2d) 1098, is a proceeding in the Supreme Court to compel the approval of bonds of the district. That district was created by direct Act of the Legislature. The Commissioners' Court was named in the Act as the administrative agency of the district. The syllabi in 135 Tex. 239-240 correctly states the holding of that case, as follows:

"A conservation reclamation district, duly created by the Legislature, is a governmental agency, separate and distinct within itself, and the mere coincident that its boundaries are identical with those of the county in which it is located does not make it dependent or in anywise connected with the corporate or political entity of the county."

"A conservation or reclamation district created by the Legislature being a governmental agency, body politic, and corporate, separate, distinct and independent from the county in which it is located, no part of the funds of said county can be pledged or used to pay the bonds of the conservation district."

"A flood control district, created under Article 16, Section 59, of the State Constitution, authorizing the creation of conservation

and reclamation districts, is a State governmental agency, independent within itself, and cannot be classed as a local and special law within the meaning of Article 3, Section 56, of the Constitution."

Ellis County Levee Improvement District was created by the Commissioners' Court of Ellis County under authority delegated by the Legislature to such courts. The Supreme Court sustained such delegation of legislative power in Rutledge vs. State, 117 Tex. 342, 7 S.W. (2d) 1071, 292 S.W. 164. In that regard the Court said:

". . . There runs, therefore, through the statutes and the constitutional provision, the general purpose to provide some method of reclaiming lands from overflows or overflow conditions. Since the creation of districts to accomplish this purpose is thus authorized by the State Constitution, it follows that the districts to be created must be brought into existence consistent with the law of due process as declared in both the State and Federal Constitutions. Since the districts authorized are local improvement districts, it follows that they must be created either by direct act of the Legislature, by which that body selects the territory and spreads the burden of taxation, or by some legislative agency, such as the Commissioners Court; and if by the latter method, then only after notice, hearing, and determination of benefits and therefore of boundaries." (Emphasis added)

It is elementary that the authority and power of Commissioners' Courts is limited to such as is given by the Constitution or lawfully delegated to such courts by the Legislature. Orange County Conservation and Reclamation District having been created by the Commissioners' Court of Orange County by authority of such delegated power contained in Chapter 6 of Title 128 of Vernon's Civil Statutes, its authority concerning that district is confined to the power delegated to such Courts as contained in that law. Article 7998 of said Statutes authorized Commissioners' Courts to appoint District Supervisors of such districts, who shall subscribe to an oath of office and enter into bond payable to such dis-

trict. Their terms of office are fixed at two years, and until their successors are appointed and qualified, "unless sooner removed by a majority vote of the court of jurisdiction." Upon the qualification of such District Supervisors, they become the sole administrative agency of such districts and all of the administrative authority of the Commissioners' Court in that regard comes to an end, subject only to its power to remove such Supervisors. Chapter 6, Title 128, V. C. S.

Article 7989 of Vernon's Civil Statute provides that the District Supervisors "shall elect a secretary . . . and an engineer and such other employees or assistants as may from time to time be found necessary to the necessary completion of the work and business of the district."

The District Supervisors of Orange County Conservation and Reclamation District are to be officers qualified as provided by law; they hold office for two years, and until their successors are appointed and qualified; "unless sooner removed by a majority vote of the court of jurisdiction." (Emphasis added). The quoted underscored language merely means that such District Supervisors may be removed for just and lawful cause, and not as an arbitrary act, as would be the case when such removal is based on refusal of such Supervisors to do unlawful things demanded of them.

In Ridgeway vs. City of Fort Worth, 243 S.W. 740, (Error dismissed), the court said:

"The ordinance referred to cannot, we think, be applied in the case of a removal of the corporation counsel, under section 30, Chapter 11, of the charter. The expression in the charter provision just referred to that the commissioners by majority vote for the causes specified may remove the corporation counsel "at their discretion" should not be given the effect of empowering the commissioners, even for the causes specified, of removing the corporation counsel at their uncontrolled will, as may be done under the ordinance in case of appointees other than corporation counsel. The term "discretion" as used means something more than this. It must mean a legal discretion exercised in good

faith, and not an arbitrary abuse of discretion. See 18 R. C. L., P. 26, s39.

The uses to which the property and funds of such districts may be applied are specified in Section 59 of Article XVI of the Constitution, and Article 7972 of Vernon's Civil Statutes, which are copied in this opinion. It is also provided in Article 8013 that money derived from taxation for such district purposes "shall be used for the maintenance, upkeep, repairs and additions to the levees and other improvements in the district and for no other purposes except as herein otherwise provided."

There is no law which authorizes the Commissioners' Court of Orange County to require Conservation and Reclamation District Supervisors to file itemized, detailed monthly reports with the Commissioners' Court, of receipts and disbursements of funds of the district. The County Treasurer of the County is made treasurer of such district and custodian of its funds. (Article 8019). That officer is required to make reports to the Commissioners' Court. Art. 8020, V. C. S.

We are of the opinion that the Commissioners' Court of Orange County is not authorized to compel the District Supervisors of Orange County Conservation and Reclamation District to hire or discharge employees of said district; or require the use of funds or property of said district upon the roads and bridges in Orange County; or require the District Supervisors of said district to make monthly reports of receipt and disbursements of funds of said district; or remove the District Supervisors of said district except for some lawful cause.

## SUMMARY

The Commissioners' Court of Orange County is not authorized to compel the District Supervisors of Orange County Conservation and Reclamation District to hire or discharge employees of such district; or use machinery, equipment, and employees of the district upon the roads and bridges of Orange County which have no connection with the purposes of such district; or compel such Supervisors to file mon-

Hon. James F. Houlihan - Page 8      V-283

thly reports to such Court; or remove any such Supervisor from office except for just and lawful cause.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ W. T. Williams
   W. T. Williams
   Assistant

APPROVED

Price Daniel
ATTORNEY GENERAL

WTW:erc:bb:jrb